# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

HERBERT LEROY SMALL,

Debtor.

Case No. K10-01027-DMD

Chapter 13

**Filed On 6/2/11**

## MEMORANDUM ON DISMISSAL AND CONFIRMATION

The trustee has moved to dismiss the debtor's chapter 13 petition on the grounds that the debtor does not have the income to fund a plan. The trustee relies on 11 U.S.C. § 109(e), which allows an "individual with regular income" to seek chapter 13 relief. An "individual with regular income" is one "whose income is sufficiently stable and regular to enable such individual to make payments" under a chapter 13 plan.[1] Courts have broadly construed the term "regular income." As noted by Collier:

> Another issue that sometimes arises concerning the source of the debtor's income is whether a nonworking spouse may assert that the support he or she receives from the other spouse is "regular income." It is clear that alimony or support received by a separated spouse or parent was meant to be encompassed within the term "regular income," and also that the spouse of an individual with regular income need not have his or her own separate source of income if the spouse is a joint debtor with that individual. Based upon the obvious intent of Congress that the term be construed broadly, most courts have permitted the spouse of an individual with regular income to file without the necessity of that individual filing jointly, at least if there is a

---

[1] 11 U.S.C. § 101(30).

> commitment of the nonfiling spouse to provide the income. They have even permitted a debtor to file based on the commitment of friends and relatives to provide the necessary income.[2]

If the debtor's ex-wife commits to making the payments on his behalf, the debtor may have sufficiently regular income to fund a plan. His chapter 13 petition is not subject to dismissal solely because he, personally, does not earn or receive regular income.

This case presents other serious issues, however. The debtor and his attorney appear to have made false statements to the court. In the motion to convert, the debtor's attorney, Brock Weidner, represented that the debtor was "making more money and intends to keep his real estate and pay arrearage through Chapter 13 payment plan;"[3] This representation was false. The debtor was not making more money. This statement appears to be fabrication subject to the penalties imposed by Fed. R. Bankr. P. 9011. Similarly, the debtor's amended Schedules I and J, prepared by Weidner but signed by the debtor, under penalty of perjury, reflect income that the debtor denies receiving.[4] These are also false documents which appear to violate Rule 9011 and are subject to this court's inherent authority to impose sanctions.[5] I will not dismiss this proceeding based on the debtor's and his attorney's apparent misconduct, however. The loss of the debtor's house would be too

---

[2] 2 COLLIER ON BANKRUPTCY ¶ 109.06[1] (N. Alan Resnick & Henry J. Sommer eds., 16th ed.).

[3] Debtor's Mot. to Convert to Case Under Ch. 13, filed Dec. 19, 2010 (Docket No. 16), at 1.

[4] Am. Sched. I, filed Jan. 3, 2011 (Docket No. 19 at 11), stated that the debtor was earning $3,301.00 from "regular income from operation of business or profession," but a detailed statement itemizing this income was not attached to the schedule. Am. Sched. J shows that the debtor has monthly net income, after expenses, of $610.00. *Id.* at 12. At the hearing held May 24, 2011, the debtor denied he had monthly earnings of $3,301.00.

[5] Fed. R. Bankr. P. 9011(c).

harsh a sanction. I will welcome, however, a motion for an order to show cause why the debtor and his attorney should not be required to pay substantial monetary sanctions for their misconduct. The motion may be brought by either the trustee or the United States Trustee.

As for the debtor's pending plan, it cannot be confirmed. The proposed payments are inadequate to fund the substantial arrearage on the debtor's mortgage.[6] Further, the plan was not noticed properly.[7] Confirmation of the plan will be denied.

DATED: June 2, 2011.

                                              BY THE COURT

                                              /s/ Donald MacDonald IV
                                            DONALD MacDONALD IV
                                            United States Bankruptcy Judge

Serve: B. Weidner, Esq.
       L. Compton, Trustee
       U. S. Trustee
       ECF Participants per NEF
                            6/2/11

---

[6] The debtor's amended plan, filed on May 23, 2011 (Docket No. 64), provides for the payment of $16,508.80 in mortgage arrears to Bank of America. Bank of America's amended Claim No. 1-4 itemizes arrearages totaling $22,482.41. Mr. Weidner represented at the hearing on May 24, 2011, that the bank's attorney would be filing an amended claim which reduced the arrearage amount to the sum reflected in the plan, but this has not yet happened. Based on the present record, the plan cannot be confirmed.

[7] The confirmation hearing in this case was scheduled for May 24, 2011. Mr. Weidner was given notice of this date on Feb. 2, 2011 (*see* Order Setting Ch. 13 Confirmation Hearing and Requiring Notice, entered Feb. 2, 2011 at Docket No. 35). AK LBR 3015-1(b)(1) requires the debtor to mail the chapter 13 plan with notice of the confirmation hearing no later than 28 days after the petition was filed or the case was converted to chapter 13. In this case, that deadline was March 1, 2011. Further, Fed. R. Bankr. P. 2002(b)(2) provides a 28-day notice period for a confirmation hearing. Mr. Weidner did not notice the confirmation hearing to parties in interest until May 4, 2011 (*see* Cert. of Service, filed May 5, 2011 at Docket No. 60). His notice did not comply with AK LBR 3015-1(b), nor did it provide 28 days notice as required by Fed. R. Bankr. P. 2002(b). He did not seek authority to notice the hearing on shortened time or ask that the hearing be continued so that adequate notice could be given.